## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. | ) | |
| PINNACLE HIP IMPLANT PRODUCT | ) | MDL No. 2244 |
| LIABILITY LITIGATION | ) | |
| | ) | Honorable Ed Kinkeade |
| This Document Relates To: | ) | |
| | ) | |
| *Andrews v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:15-cv-03484-K | ) | |
| | ) | |
| *Davis v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:15-cv-01767-K | ) | |
| | ) | |
| *Metzler v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:12-cv-02066-K | ) | |
| | ) | |
| *Rodriguez v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:13-cv-03938-K | ) | |
| | ) | |
| *Standerfer v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:14-cv-01730-K | ) | |
| | ) | |
| *Weiser v. DePuy Orthopaedics, Inc., et al.* | ) | |
| No. 3:13-cv-03631-K | ) | |

## DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR ORDER SETTING TIME LIMITS

Defendants respectfully move the Court to enter an order allotting 75 hours of examination time at trial to each side, to be measured by the time each side takes in examining and cross-examining witnesses. Such an order is critical to ensure that neither side monopolizes the trial time and to prevent a situation where the Court enters time limits in the middle of trial, which, as defendants have previously argued, would be unfair and prejudicial.

"A district court has broad discretion in managing its docket and structuring the conduct of a trial," including the discretion to "maintain the pace of the trial by setting time limits on counsel." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 282 (5th Cir. 2008) (citation omitted);

1

*see also Frazier v. Honeywell Int'l, Inc.*, 518 F. Supp. 2d 831, 840-41 (E.D. Tex. 2007) ("The Court has an inherent right to place reasonable limitations on the time allotted for trial.") (citation omitted).  With respect to examination time in particular, "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time."  Fed. R. Evid. 611.

Importantly, time limits must be entered at the start of a case – not in the middle. Otherwise, the parties are not able to prepare and prioritize accordingly.  *See, e.g.*, *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995) (noting concern that the "court took its action well into [the plaintiff's] case," when it "had little opportunity to reassess its plans"); *McKnight v. Gen. Motors Corp.*, 908 F.2d 104, 114-15 (7th Cir. 1990) (finding "grave" but unpreserved reversible error where trial court changed time limits mid-trial to detriment of defendant); *cf. Walter Int'l Prods., Inc. v. Salinas*, No. 07-20136-CIV, 2009 WL 9113379, at *8 (S.D. Fla. Oct. 26, 2009), *aff'd*, 650 F.3d 1402 (11th Cir. 2011) (finding time limits to be reasonable in part because "[t]he Court notified the parties of the time limit at one of the pretrial conferences, allowing the parties to plan accordingly"); *see also Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir. 1994) (upholding time limits because "[t]he district court forewarned the parties that each would have three days to present its case.").

In addition, when time limits are imposed, the more equitable course is to set limits in terms of hours spent examining and cross-examining witnesses.  Otherwise, a party might take unfair advantage by "us[ing] up a substantial portion of the other party's time limit through lengthy cross-examination."  *Cal. Crane Sch., Inc. v. Nat'l Comm'n for Certification of Crane Operators*, 171 Cal. Rptr. 3d 752, 758 (Ct. App. 2014) (concluding, for this reason among others, that "[t]here are advantages to specifying time limits in court hours rather than court

days"); *Duquesne Light*, 66 F.3d at 610 (finding it "puzzling" that the district court adopted a method of calculating the parties' times under which one party's cross-examinations were "counted against" the other party's time, and noting one party's complaint that this approach "made it difficult for the parties to 'control the clock and accurately budget their time'") (citation omitted).

The experience of the *Aoki* trial vindicates these principles and highlights the need for established time limits at the outset of trial that apply equally to both plaintiff(s) and defendants. In that trial, plaintiffs' presentation consumed nearly fifty percent more transcript pages than defendants':

|  | Plaintiffs' case | Defendants' case | Total |
|---|---|---|---|
| Plaintiffs (# of transcript pages) | 2,063 | 2,338 | **4,402** |
| Defendants (# of transcript pages) | 1,703 | 1,368 | **3,071** |

Unless time limits are established at the outset, the same thing is likely to happen again. Specifically, plaintiffs' counsel will use a disproportionate amount of the time both in presenting witnesses and in cross-examining defendants' witnesses, putting defendants at a significant disadvantage. Imposing even and fair limits on both sides prior to trial will avoid this result. *See Life Plus Int'l v. Brown*, 317 F.3d 799, 807 (8th Cir. 2003), *as amended on reh'g in part* (Feb. 19, 2003) (no abuse of discretion to apply equal time limits to both parties); *Monotype Corp. v. Int'l Typeface Corp.*, 43 F.3d 443, 450–51 (9th Cir. 1994) (finding no abuse of discretion where the parties were given equal amounts of time); *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997) (trial court did not abuse discretion by allotting 25 hours to both parties);

*Matton v. White Mtn. Cable Constr. Corp.*, 190 F.R.D. 21, 23 (D. Mass. 1999) (finding no abuse of discretion where parties were given equal amounts of time and the limits were clear).

Defendants submit that 75 hours per side is a reasonable amount of time based on their experience in the prior trials in this MDL proceeding.  Assuming an average of five hours of testimony per trial day, each side would have the equivalent of fifteen trial days to present its case, or about three weeks.  Such a limit should suffice for each side to make a complete presentation, while at the same time motivating the parties to streamline their presentations.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that each side be allotted 75 hours of examination time.

Dated:  September 19, 2016                    Respectfully submitted,

s/ Seth M. Roberts                              s/ Stephen J. Harburg
Seth M. Roberts                                   John H. Beisner
LOCKE LORD LLP                              Stephen J. Harburg
2200 Ross Avenue, Suite 2200            Jessica Davidson Miller
Dallas, Texas 75201                            SKADDEN, ARPS, SLATE, MEAGHER
(214) 740-8453                                    & FLOM LLP
                                                          1440 New York Avenue, N.W.
                                                          Washington, D.C. 20005
                                                          (202) 371-7000

COUNSEL FOR DEFENDANTS DEPUY ORTHOPAEDICS, INC., DEPUY PRODUCTS, INC., DEPUY SYNTHES, INC., JOHNSON & JOHNSON; JOHNSON & JOHNSON SERVICES, INC.; and JOHNSON & JOHNSON INTERNATIONAL

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 19, 2016, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to all parties' counsel of record, who are registered ECF users.  Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure.  *See* LR 5.1.

s/    Stephen J. Harburg

*Counsel for Defendants*