## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2244<br>Honorable Ed Kinkeade |

*This Document Relates To:*

*Andrews v. DePuy Orthopaedics, Inc., et al.,*
No. 3:15-cv-03484-K

*Davis v. DePuy Orthopaedics, Inc., et al.,*
No. 3:15-cv-01767-K

*Metzler v. DePuy Orthopaedics, Inc., et al.,*
No. 3:12-cv-02066-K

*Rodriguez v. DePuy Orthopaedics, Inc., et al.,*
No. 3:13-cv-03938-K

*Standerfer v. DePuy Orthopaedics, Inc., et al.,*
No. 3:14-cv-01730-K

*Weiser v. DePuy Orthopaedics, Inc., et al.,*
No. 3:13-cv-03631-K

## PLAINTIFFS' GENERAL MEMORANDUM OF LAW
## REGARDING DEFENDANTS' *DAUBERT* MOTIONS

Plaintiffs respectfully submit this General Memorandum of Law Regarding Defendants' *Daubert* Motions. This opposition relates to the Defendants' *Daubert* motions filed on September 19 and 20, 2016, challenging the expert testimony of Dr. Nicholas Jewell, Dr. Albert Burstein, Minette Drumwright, and opinions regarding the risk of systemic illness associated with metal-on-metal hip implants. This

memorandum is hereby incorporated by reference into Plaintiffs' oppositions related to the above-referenced motions filed contemporaneously herewith.

## LEGAL STANDARD REGARDING *DAUBERT* MOTIONS

### I.  *DAUBERT* AND FED. R. EVID. 702

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court provides an analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence.  509 U.S. 579 (1993).  Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Thus, pursuant to Federal Rule of Evidence 702, the district court functions as a gatekeeper, ensuring that the expert is qualified, and his or her testimony is both relevant and reliable.  *Daubert*, 509 U.S. at 589, 590-91, 592-93;  *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).

In *Daubert*, the Supreme Court provided a list of four non-exhaustive factors that a court may use in making its gatekeeping determination of reliability: (1) "whether a theory or technique. . . can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) whether, "in the case of a particular scientific technique," there is a high "known or potential rate of error" and there are "standards controlling the technique's operation," and (4) whether the

theory or technique enjoys "general acceptance" within a "relevant scientific community."  509 U.S. at 593-94.  However, the *Daubert* factors are not definitive or exhaustive.  *See Broussard v. State*, 523 F.3d 618, 631 (5th Cir. 2008) (data from space center and eyewitnesses relied upon to form opinion was sufficiently reliable and expert opinion admissible despite fact "his work had not been peer reviewed and he did not know of others who had used his methods");  *see also In re Vioxx Prod. Liab. Litig.*, No. 05-cv-4046, 2006 WL 6624015, at *4 (E.D. La. Feb. 3, 2006) ("Whether some or all of [the *Daubert*] factors apply in a particular case depends on the facts, the expert's particular expertise, and the subject of his testimony.") (citing *Kumho*, 526 U.S. at 138).  Instead, "the test of admissibility in Rule 702 is a flexible one that must be tailored to the facts of each case."  *Kipps v. Caillier*, 197 F.3d 765, 769 n.6 (5th Cir. 1999) (internal quotation marks and citations omitted).

## II.   THE *DAUBERT* INQUIRY IS NOT INTENDED TO REPLACE THE ADVERSARY SYSTEM

"[T]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system."  *Pipotone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002);  *see also United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S at 596).  *Daubert* makes clear that the appropriate means of attacking admissible, albeit shaky, evidence is through vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.  *Id.*;  *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("It is the role of the adversarial system, not the court, to highlight weak evidence. . . .");  *Lay v. DePuy Orthopaedics, Inc.*, No. 3:11-cv-

3590-K, No. 3:12-cv-4975-K, 2014 U.S. Dist. LEXIS 97798, at *16 (N.D. Tex. July 18, 2014). For example, though an expert's proponent must establish that the proffered expert is qualified to testify by virtue of his or her knowledge, skill, experience, training or education, a lack of specialization should generally go to the weight of the evidence, not its admissibility.  *U.S. v. Wen Chyu Liu*, 716 F.3d 159, 168-69 (5th Cir. 2013) (citing *Daubert*, 509 U.S. at 596).

The role of the district court is to evaluate whether the methodology utilized by the expert is reliable, *i.e.*, whether, when correctly employed, that methodology leads to testimony helpful to the trier in fact.  *See Daubert*, 509 U.S. at 595 (the district court's focus "must be solely on principles and methodology, not on the conclusions that they generate").  Under *Daubert*, the proponent of expert testimony does not need to prove that the expert's testimony is correct.  *Wattle v. Barko Hydraulics LLC*, 107 Fed. Appx. 397, 398 (5th Cir. 2004) (per curiam) (affirming decision of court to admit expert testimony, because opposing counsel's objections "conflate[d] the reliability of the report with its *correctness*").  Procedurally, *Daubert* only requires that the district court determine admissibility of expert testimony by following the directions provided in Federal Rule of Evidence 104(a).  *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th. Cir. 1998).  "Rule 104(a) requires the judge to conduct preliminary fact-finding and to make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'"  *Id.* (citing *Daubert*, 509 U.S. at 592-93); *see also Lay*, 2014 U.S. Dist. LEXIS 97798, at *14-15.  Thus, once it is determined that an

expert is qualified to testify, the proponent need only demonstrate that the expert's findings and conclusions are more likely than not reliable (by applying a preponderance of the evidence standard). *Id.*

## III. REJECTION OF EXPERT TESTIMONY IS THE EXCEPTION RATHER THAN THE RULE

*Daubert* and Rule 702 are not intended to provide an automatic challenge to the testimony of every expert. *See Kumho*, 526 U.S. at 150-51; *Lay*, 2014 U.S. Dist. LEXIS 97798, at *19. Rather, "the rejection of expert testimony [under *Daubert*] is the exception rather than the rule." Fed. R. Evid. 702 advisory committee note (2000); *Lay*, 2014 U.S. Dist. LEXIS 97798, at *19. Indeed, the Supreme Court's *Daubert* opinion liberalized the introduction of relevant expert evidence by determining that Rule 702 does not absolutely require expert testimony to be based on principles that have gained general acceptance in the expert's field. *See* 509 U.S. at 588-89.

The role of the district court is simple—"to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Seatrax, Inc. v. Sombeck Int'l Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (quoting *Kumho*, 526 U.S. at 152). An expert opinion should not be wholly excluded when only a portion of an expert's testimony is objectionable. *See U.S. v. Wen Chyu Liu*, 716 F.3d at 167-68. For example, in the case of *Dearmond v. Wal-Mart Louisiana LLC*, the testimony of a mechanical engineer was properly admitted despite objections that the testimony improperly strayed into the area of metallurgy, because the district court "appropriately cabined [the expert's] testimony…" 335 Fed. Appx. 442, 445 (5th Cir.

2009).  A review of Fifth Circuit opinions in which expert opinions have been deemed unreliable and inadmissible reveals extreme circumstances of unreliability that were well beyond, for example, whether the expert considered all potentially relevant literature.  *See Burleson v. Glass*, 268 F. Supp. 2d 699, 704-05 (W.D. Tex. 2003) (not one epidemiological study supported expert's theory, no published peer reviewed literature, and expert testified to "significant level of uncertainty" related to potential error in theory);  *Frischhertz v. SmithKline Beecham Corp.*, No. 10-cv-2125, 2012 WL 6697124, at *3-4 (E.D. La. Dec. 21, 2012) (general and specific causation opinions excluded as "pure speculation"; expert admitted that "he knew of no evidence in humans or animals that demonstrates that [drug] was … [a] teratogen, and that he does not know if it is…");  *Viterbo v. Dow Chemical Co.*, 826 F.2d. 420, 423-24 (5th Cir. 1987) (excluding expert after determining that the medical history that  expert relied upon was incomplete in multiple critical areas).

## IV.    THE DISTRICT COURT HAS BROAD DISCRETION

A district court's determination of admissibility of expert evidence under *Daubert* is reviewed for abuse of discretion.  *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002) (internal citation omitted)).  "'A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.'"  *Id*. (quoting *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).  If the appellate court finds an abuse of discretion in admitting or excluding evidence, the error is reviewed under the harmless error doctrine.  *Id*.  That is, the appellate court

affirms the judgment unless the ruling affected substantial rights of the complaining party. *Id.* Finally, district courts have broad discretion in choosing the method to employ in determining the admissibility of expert testimony; a district court need not hold a *Daubert* hearing if the reliability inquiry can be resolved on paper through the submissions of the parties. *See, e.g., Kumho*, 526 U.S. at 152-53.

## CONCLUSION & PRAYER

As set forth in Plaintiffs' separate memoranda in opposition to Defendants' *Daubert* motions, the expert opinions of Dr. Nicholas Jewell, Dr. Albert Burstein, Minette Drumwright, and opinions regarding the risk of systemic illness associated with metal-on-metal hip implants satisfy Fed. R. Evid. 702 admissibility standards. For the foregoing reasons, and those set forth in Plaintiffs' separate expert-specific memoranda, Plaintiffs respectfully request that this Court deny Defendants' *Daubert* motions in their entirety.

Dated:   September 23, 2016

Respectfully submitted,

*Plaintiffs' Co-Lead Counsel:*

By: /s/ W. Mark Lanier
W. Mark Lanier
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
Telephone: (713) 659-5200
Fax: (713) 659-2204
E-mail: wml@lanierlawfirm.com

Wayne Fisher
Justin Presnal
FISHER, BOYD, JOHNSON
 & HUGUENARD, LLP
2777 Allen Parkway, Suite 1400
Houston, Texas 77019
Telephone: (713) 400-4000
Fax: (713) 400-4050
E-mail: lboyd@fisherboyd.com
E-mail: wfisher@fisherboyd.com
E-mail: justinp@fisherboyd.com

*Plaintiffs' Executive Committee on behalf of
the Plaintiffs' Steering Committee:*

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
Telephone: (800) 256-1050
Fax: (318) 561-2591
E-mail: rarsenault@nbalawfirm.com

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6402
Fax: (212) 213-5949
E-mail: jconroy@simmonsfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing instrument was served on all counsel of record by the Court's CM/ECF system, and was also forwarded to counsel for the Defendants by electronic mail, on September 23, 2016.

<u>  /s/ Justin Presnal  </u>