**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2244 <br><br> Honorable Ed Kinkeade |

*This Document Relates To:*

   *Andrews v. DePuy Orthopaedics, Inc., et al.*

   No. 3:15-cv-03484-K

   *Davis v. DePuy Orthopaedics, Inc., et al.*

   No. 3:15-cv-01767-K

   *Metzler v. DePuy Orthopaedics, Inc., et al.*

   No. 3:12-cv-02066-K

   *Rodriguez v. DePuy Orthopaedics, Inc., et al.*

   No. 3:13-cv-03938-K

   *Standerfer v. DePuy Orthopaedics, Inc., et al.*

   No. 3:14-cv-01730-K

   *Weiser v. DePuy Orthopaedics, Inc., et al.*

   No. 3:13-cv-03631-K

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO LIMIT STATEMENTS OF SURGEONS AND OTHER WITNESSES
WHO HAVE NOT PRODUCED PATIENT RECORDS**

Defendants filed a motion requesting that the court "limit the statements of any surgeons or other putative experts who have not produced underlying patient records." Defendants' motion, p. 1. Defendants correctly note that Plaintiffs objected to testimony from Defendants' witnesses about their alleged revision rates with the Pinnacle Ultamet device unless underlying patient records were produced, and the Court sustained those objections.

Defendants' motion is essentially a "goose/gander" motion. Accordingly, Plaintiffs agree they will not elicit testimony from any Plaintiffs' witnesses about their

revision rates, as long as Defendants likewise agree not to elicit such testimony from their witnesses.  With this understanding, Defendants' motion becomes moot.

It should be noted, however, that Defendants' motion may be construed to go farther than the Court's prior ruling.  The Court did *not* rule that surgeon witnesses could not testify *at all* about their experiences with various implants, but rather that they may not offer testimony about *revision rates* unless they produce records that could be used to validate or challenge those claims.

For example, one of the more frequently discussed exhibits in this litigation is an email from one of Defendants' most highly paid consultants, Dr. Andy Engh, to Defendants' head of hip marketing, Paul Berman.  Dr. Engh talks about the problems he has observed with Pinnacle Ultamet hips – though he does not specifically discuss *revision rates*:

---

**Email Message**

**From:** Andy Engh [andy@andersonclinic.com]
**Sent:** Saturday, June 05, 2010 8:06 PM
**To:** 'Berman, Paul [DPYUS]'
**Subject:** RE: DePuy Ranked #1 MoM Brand by Surgeons

Paul, In my opinion DePuy should relax on the MOM issue.  At meeting after meeting and panel after panel of hip Arthroplasty experts the trend is away from MOM. I was surprised to get an ASphere brochure under my hotel room door at current concepts- It would have been better to market COP rather than fight the uphill battle against MOM. My recommendation is to not push MOM at this time, let it rest and let the dust settle. The problem with MOM is the complication although rare is an early complication and a catastrophic complication. We do not have enough data to determine if the incidence is flat or increasing. I have seen this complication with Ultamet in patients that have perfectly oriented components. While design and component position are a factor there are other factors that we do not understand. There is no question that MOM and hard on hard bearings are less forgiving that polyethylene bearings. The MRG report does not move me. If DePuy needs to continue to push and market MOM then there should be more patient and surgeon education about the risks of the procedure. There should also be education about evaluation of a MOM that is painful. I have over 1500 of these implants at my center and whenever one of those patients has pain I need to include a MOM reaction in the differential. I have to tell the patient and once I have ruled out back problems and loose implants or tendonitis , I have to draw ion levels, image the hip and often aspirate(an invasive procedure) the hip. I do not have to do this with poly patients because I am not worried about a catastrophic complication.
Andy

---

(DEPUYENGHJR000007755).  It would be absurd to contend Dr. Engh's email should be excluded – it has been admitted in both prior trials.  However, Defendants' motion –

taken on its face – could be construed to do just that, because Engh discusses his "clinical experience" with the Pinnacle Ultamet device, and the fact that it tends to cause "catastrophic consequences" whereas the Pinnacle metal-on-polyethylene device does not.

Thus, Plaintiffs will agree not to elicit testimony from any of their witnesses regarding their *revision rates*, and Defendants should likewise be precluded from doing the same. This does not, however, preclude Plaintiffs from eliciting other testimony about clinical experiences with the Pinnacle Ultamet device, or any other hip implant. That evidence has been fully discovered in this litigation and is relevant and admissible in this trial.

To further clarify and avoid any ambiguity, Plaintiffs should not be construed as agreeing not to offer *any* evidence of revision rates.  As the Court well knows, there is voluminous evidence of revision rates in Defendants' internal documents, and in various published registry reports.  This evidence has been admitted in both of the prior bellwether trials, and is admissible here.

September 23, 2016                              Respectfully Submitted,

                                               *Plaintiffs' Co-Lead Counsel:*

                                               By: /s/ W. Mark Lanier
                                               W. Mark Lanier
                                               THE LANIER LAW FIRM
                                               6810 FM 1960 Rd W
                                               Houston, TX 77069-3804
                                               Telephone: (713) 659-5200
                                               Fax: (713) 659-2204
                                               E-mail: wml@lanierlawfirm.com

                                               Wayne Fisher
                                               Justin Presnal
                                               FISHER, BOYD, JOHNSON
                                                 & HUGUENARD, LLP
                                               2777 Allen Parkway, Suite 1400
                                               Houston, Texas 77019
                                               Telephone: (713) 400-4000
                                               Fax: (713) 400-4050
                                               E-mail: wfisher@fisherboyd.com
                                               E-mail: justinp@fisherboyd.com

                                               *Plaintiffs' Executive Committee on behalf of the*
                                               *Plaintiffs' Steering Committee:*

                                               Richard J. Arsenault
                                               NEBLETT, BEARD & ARSENAULT
                                               2220 Bonaventure Court
                                               P.O. Box 1190
                                               Alexandria, Louisiana 71301
                                               Telephone: (800) 256-1050
                                               Fax: (318) 561-2591
                                               E-mail: rarsenault@nbalawfirm.com

                                               Jayne Conroy
                                               SIMMONS HANLY CONROY
                                               112 Madison Avenue
                                               New York, NY 10016
                                               Telephone: (212) 784-6402
                                               Fax: (212) 213-5949
                                               E-mail: jconroy@simmonsfirm.com

                                               4

**CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served on all counsel of record by the Court's CM/ECF system, and was also forwarded to counsel for the Defendants by electronic mail on September 23, 2016.

_/s/ Justin Presnal_