UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. ) <br> PINNACLE HIP IMPLANT PRODUCT ) <br> LIABILITY LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> *Andrews v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:15-cv-03484-K ) <br> ) <br> *Davis v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:15-cv-01767-K ) <br> ) <br> *Metzler v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:12-cv-02066-K ) <br> ) <br> *Rodriguez v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:13-cv-03938-K ) <br> ) <br> *Standerfer v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:14-cv-01730-K ) <br> ) <br> *Weiser v. DePuy Orthopaedics, Inc., et al.* ) <br> No. 3:13-cv-03631-K ) | MDL No. 2244 <br><br> Honorable Ed Kinkeade |

**DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW LIVE TESTIMONY VIA CONTEMPORANEOUS TRANSMISSION**

Defendants respectfully ask the Court to reconsider and reverse its September 20, 2016 order permitting live testimony via contemporaneous video transmission.  (*See Andrews* Dkt. No. 83 ("Order").)  Reconsideration is warranted based on the recent statement by Judge E. Grady Jolly of the Fifth Circuit that "***the district court misapplied Rule 43(a) and 45(c)***."

As set forth in defendants' prior briefing, Rule 43 provides that testimony by contemporaneous video transmission should be the ***exception*** rather than the rule.  Nonetheless, the Court failed to make any finding that the circumstances here are exceptional.  Nor could it. Thus far, plaintiffs seek to require Dr. Pam Plouhar, Dr. Thomas Schmalzried and Ms. Vicki

McCormick (who was deposed as a 30(b)(6) witness on September 16, 2016), to testify live via contemporaneous transmission, but they have not articulated any exigency that could justify resorting to that rare exception with respect to these witnesses.  Plaintiffs have known from the very beginning of this MDL proceeding that these witnesses do not reside in Texas.  That is precisely why the parties videotaped the depositions of Dr. Plouhar, Dr. Schmalzried and numerous other witnesses outside the Court's subpoena power, the very procedure that the Advisory Committee's notes consider to be the preferred method of securing testimony from a witness who is beyond the reach of a trial subpoena.  Plaintiffs thus failed to establish the requisite "good cause in compelling circumstances" required by Rule 43, and the request should have been denied on that ground alone.

The Court also erred in authorizing the use of trial subpoenas beyond the express territorial limits set forth in Rule 45.  That rule strictly limits the Court' subpoena power to witnesses who reside within 100 miles of the district court.  The Court's belief that Rule 43 can be employed to trump the limitations of Rule 45 is contrary to law, which is further ground for reconsidering the prior order.

## BACKGROUND

On September 20, 2016, the Court issued the Order permitting live testimony via contemporaneous video transmission at trial.  (*See Andrews* Dkt. No. 83.)  The Order authorized plaintiffs' counsel to issue trial subpoenas to any and all witnesses who were purportedly under defendants' control and who reside beyond the Court's subpoena power to testify at trial, as long as that testimony is provided via contemporaneous video transmission under Federal Rule of Civil Procedure 43(a).  (*See id.*)

On September 23, 2016, defendants filed a Petition for a Writ of Mandamus in the Fifth Circuit asking the Fifth Circuit to vacate the Order. On September 27, 2016, the Fifth Circuit denied that Petition. (*See Andrews* Dkt. No. 121.) Later that day, however, the Fifth Circuit issued an Amended Order denying defendants' Petition for Writ of Mandamus. (*See Andrews* Dkt. No. 132.) In the Amended Order, Judge E. Grady Jolly included a concurrence that states: "Although ***the district court misapplied Rules 43(a) and 45(c)***, I concur in the denial of the petition for a writ of mandamus." (*Id.*) (emphasis added).)

## ARGUMENT

"[T]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Barry Concrete, Inc. v. Martin Marietta Materials, Inc.*, No. 06-504-JJB-CN, 2008 U.S. Dist. LEXIS 34506, at *2-3 (M.D. La. Apr. 28, 2008) (citation omitted). To that end, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). The vehicle for doing so is Rule 54(b), under which a "[a] motion for reconsideration should be granted if . . . necessary to correct a manifest error of law or fact upon which the judgment is based." *Gulf Offshore Logistics, L.L.C. v. Seiran Expl.& Prod. Co.*, No. 11-1788 SECTION: "G"(2), 2014 U.S. Dist. LEXIS 72584, at *28-29 (E.D. La. May 28, 2014) (granting motion for reconsideration "[u]pon reconsideration of the Fifth Circuit caselaw addressing" the issue at hand); *see also, e.g.*, *Butler v. Allstate Heritage Life Ins. Co.*, No. 4:13-CV-199, 2014 U.S. Dist. LEXIS 113048, at *4 (E.D. Tex. Aug. 14, 2014) (overruling objection to magistrate's order granting motion for reconsideration based on "manifest errors of law or fact"); *Barry Concrete*, 2008 U.S. Dist. LEXIS 34506, at *3 (granting motion for reconsideration

3

because court "incorrectly applied the 'Care, Custody, or Control Exclusion' to the Auto Policy, and this court must alter its prior holding to correct a manifest error of law").

The Court's Order authorizing the use of Rule 43 at the upcoming trial amounts to a "manifest error of law" – i.e., "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-cv-4295, 2012 U.S. Dist. LEXIS 74709, at *8 (S.D. Tex. May 27, 2012) (internal quotation marks and citations omitted). As Judge Jolly recognized in his concurrence, the Court "misapplied Rules 43(a) and 45(c)." Rule 43(a) provides that a witness's testimony may be taken "[a]t trial" in open court "by contemporaneous transmission from a different location" *only* "[f]or good cause in compelling circumstances." Fed. R. Civ. 43(a). The Advisory Committee's notes to that Rule explain that live testimony or, failing that, recorded deposition, is the preferred mode of presenting witness testimony at trial. *Id.*, advisory committee's notes to 1996 amendment. Contemporaneous transmission is the rare exception to this rule, to be used "cautiously" – e.g., "when a witness is unable to attend trial for unexpected reasons, such as accident or illness" – and *not* in cases where a witness's absence is "reasonably foresee[able]." *Id.*

In addition, Rule 43 does not authorize a court to use its subpoena power to compel a distant witness to testify by contemporaneous transmission. Rule 45 explicit states that a trial subpoena may only "command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or, in certain circumstances, outside 100 miles but "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1). As the commentary to the rule makes expressly clear, Rule 43 orders are similarly circumscribed, allowing the use of a trial subpoena

4

only "from any place described in Rule 45(c)(1)." *Id.*, advisory committee's notes to 2013 amendment.

The Court's Order disregards these limitations, stating instead that plaintiffs may compel any witnesses ostensibly "under Defendants' control" – including independent contractors under no contractual obligation to testify on defendants' behalf in this litigation – to testify via contemporaneous transmission based on the Court's preference for live testimony. According to the Court, the fact that these cases are part of an MDL proceeding further justifies the Order because of the "flexibility" needed to manage complex litigation. But the Order does not address the fact that the unavailability of these witnesses was entirely foreseeable (or discuss any witness-specific fact at all). *See Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145, at *3 (D. Nev. Oct. 18, 2012) ("A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.") (quoting Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment). In addition, the Order erroneously states that testimony by contemporaneous transmission is preferred to deposition testimony, precisely the opposite of the Advisory Committee's conclusion. *See* Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment ("[o]rdinarily, depositions, including video depositions, provide a ***superior means*** of securing the testimony of a witness who is beyond the reach of a trial subpoena") (emphasis added). And the Court also did not offer any explanation of how plaintiffs meet the requisite showing of "good cause in compelling circumstances" (which they do not). Fed. R. Civ. P. 43(a); *see also id.* advisory committee's notes to 1996 amendment (Rule 43(a) is an exception to be deployed "cautiously"). Finally, the Order does not reference (much

less meaningfully address) the strict geographic limitations imposed on the Court's subpoena power by Rule 45.

For all of these reasons, the Court "misapplied Rules 43(a) and 45(c)," as recognized by Judge Jolly, and its ruling should therefore be reconsidered.

## CONCLUSION

For the foregoing reasons, the Court should reverse its September 20, 2016 order permitting live testimony via contemporaneous video transmission.

Dated: September 30, 2016

Respectfully submitted,

s/ Seth M. Roberts
Seth M. Roberts
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8453

s/ Stephen J. Harburg
John H. Beisner
Stephen J. Harburg
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

COUNSEL FOR DEFENDANTS DEPUY ORTHOPAEDICS, INC., DEPUY PRODUCTS, INC., DEPUY SYNTHES, INC., JOHNSON & JOHNSON; JOHNSON & JOHNSON INTERNATIONAL and JOHNSON & JOHNSON SERVICES, INC.

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2016, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to all parties' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

s/    Stephen J. Harburg

*Counsel for Defendants*