IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN ANDREWS and ELIZABETH ANDREWS, | § § § | |
| Plaintiffs, | § § | |
| | § | MDL No. 2244 |
| v. | § § § | |
| DEPUY ORTHOPAEDICS, INC.; DEPUY PRODUCTS, INC.; DEPUY SYNTHES, INC.; JOHNSON & JOHNSON; JOHNSON & JOHNSON SERVICES, INC.; and JOHNSON & JOHNSON, INTERNATIONAL, | § § § § § § § § | No. 3-15-cv-3484-K |
| Defendants. | § | |

## FINAL JUDGMENT

Pursuant to the jury's verdict returned on December 1, 2016, this Court renders judgment for Plaintiff Marvin Andrews and Plaintiff Elizabeth Andrews in the amounts described below.

For Plaintiff Marvin Andrews against Defendant DePuy Orthopaedics, Inc., and Defendant Johnson & Johnson, jointly:

- $500,000 for past physical pain and loss of enjoyment of life;

- $500,000 for future physical pain and loss of enjoyment of life;

- $500,000 for disfigurement sustained in the past;

- $500,000 for future disfigurement;

- $500,000 for physical impairment sustained in the past;

- $500,000 for future physical impairment;

- $500,000 for past mental suffering, inconvenience, grief, anxiety, humiliation and/or emotional distress;

- $500,000 for future mental suffering, inconvenience, grief, anxiety, humiliation and/or emotional distress;

- $118,324.74 for medical expenses sustained in the past.

This Court also renders judgment for Marvin Andrews for punitive damages in the amounts of $37,064,922.66 against Defendant DePuy Orthopaedics, Inc. and $37,064,922.66 against Defendant Johnson & Johnson.  Although the jury awarded $84,000,000 in punitive damages from Defendant DePuy Orthopaedics, Inc. and $84,000,000 in punitive damages from Defendant Johnson & Johnson, constitutional considerations limit the amount a plaintiff may recover in punitive damages.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. . . . Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution . . . .").  The Court has reduced the punitive damages accordingly.

For Plaintiff Elizabeth Andrews against Defendant DePuy Orthopaedics, Inc., and Defendant Johnson & Johnson, jointly:

- $500,000 for past loss of consortium;

- $500,000 for future loss of consortium.

This Court also renders judgment for Elizabeth Andrews for punitive damages in the amount of $125,000 against Defendant DePuy Orthopaedics, Inc. and $125,000 against Defendant Johnson & Johnson.

Post-judgment interest shall accrue at the applicable allowable rate.

Any relief not expressly granted herein is DENIED. This is a FINAL JUDGMENT with respect to all claims and parties.

**SO ORDERED.**

Signed January 3rd, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE